IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>RUSSELL DAVID BARTLOW,<br><br>    Defendant.<br>_____/ | No. CR 98-0410 MMC<br><br>**ORDER DENYING MOTION FOR REDUCTION OF TERM OF IMPRISONMENT**<br><br>(Docket No. 56) |

      Before the Court is defendant Russell David Bartlow's motion, filed August 29, 2005 ("Motion"), by which said defendant seeks a reduction of his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2).

      On September 28, 1999, defendant was sentenced to a term of 228 months in federal prison, based on his pleas of guilty to three counts of armed bank robbery (18 U.S.C. § 2113(a)(d)), alleged to have been committed on three separate dates, as well as to one count of using a firearm in the commission of the first of said robberies (18 U.S.C. § 924(c)(1)).

      Pursuant to 18 U.S.C. § 3582, a district court may modify a term of imprisonment where, inter alia, the defendant was sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." See 18 U.S.C. § 3582(c)(2). Relying on Amendment 599 to the United States Sentencing Guidelines ("USSG"), defendant argues the Sentencing Commission, in November 2000, amended or clarified USSG § 2K2.4 to prohibit "double counting" in connection with convictions

1  under 18 U.S.C. § 924(c).  Defendant contends the calculation of his guideline range
2  involved such "double counting" and, consequently, that he is entitled to seek a reduction
3  of his term based on the Sentencing Commission's subsequent action.
4        At the outset, the Court notes that defendant's plea agreement expressly precludes
5  his pursuing a "post-conviction collateral attack" on the judgment, other than a collateral
6  attack "based on a claim of ineffective assistance of counsel."   (See Motion Ex. A.)
7  Because a motion under § 3582(c)(2) does not challenge the validity of the sentence at
8  the time it was imposed, the Court will assume, for purposes of this discussion, that the
9  instant motion, to the extent it can be brought under § 3582(c)(2), does not constitute a
10  "collateral attack" as contemplated by the parties to the plea agreement.
11        Amendment 599 is of no assistance to defendant, however, as that amendment
12  has no bearing on what defendant herein characterizes as "double counting,"
13  specifically, the Court's[1] use of an armed robbery conviction to determine his offense
14  level under the Career Offender Guideline, § 4B1.1, while at the same time imposing a
15  five -year consecutive term as mandated by 18 U.S.C. § 924(c)(1).  No "explosive or
16  weapon enhancement" was applied in connection with defendant's sentencing.  See,
17  e.g., USSG § 2D1.1(b)(1) (providing for two-level enhancement if dangerous weapon
18  possessed in commission of crime); United States v. Aquino, 242 F.3d 859, 863-65 (9th
19  Cir. 2001) (noting purpose of Amendment 599 was to make clear courts could not apply
20  "any explosive or weapon enhancement" where same behavior qualified as relevant
21  conduct under § 1B1.3).  Rather, as noted, defendant's sentence was calculated in
22  accordance with § 4B1.1, precisely what
23  § 2K2.4 currently requires.  See USSG § 2K2.4(c) ("If the defendant (1) was convicted
24  of violating section 924(c) . . . and (2) as a result of that conviction (alone or in addition
25  to another offense of conviction), is determined to be a career offender under § 4B1.1
26
27  ---
28  [1] At the time of sentencing, the case was before the Honorable Charles A. Legge.  On August 30, 2005, the case was reassigned to the undersigned.

(Career Offender), the guideline sentence shall be determined under § 4B1.1(c).").[2] Notably, the case on which the Court relied in calculating defendant's sentence, <u>United States v. Harrington</u>, 923 F.2d. 1371, 1376 (9th Cir. 1991), has not been overruled, and there are no changes to § 2K2.4 or § 4B1.1 since the time of defendant's sentencing that would serve to reduce the sentence defendant received.

Lastly, defendant seeks a reduction under <u>United States v. Booker</u>, 125 S. Ct. 738 (2005). To the extent the instant motion is based on <u>Booker</u>, however, such motion constitutes a collateral attack, as <u>Booker</u> concerns the constitutionality of a defendant's sentence at the time it was imposed. As noted, defendant is precluded by his plea agreement from bringing a "collateral attack." Defendant cannot avoid the strictures of his plea agreement by the simple expedient of bringing his challenge under 18 U.S.C. § 3582 rather than under 28 U.S.C. § 2255. Moreover, even in the absence of a plea agreement, <u>Booker</u> is of no avail to defendant. See <u>United States v. Cruz</u>, 423 F.3d 1119 (9th Cir. 2005) (holding <u>Booker</u> does not apply retroactively to cases on collateral review where conviction became final prior to date on which <u>Booker</u> issued).

Accordingly, the Motion is hereby DENIED.

This order terminates Docket No. 56.

**IT IS SO ORDERED.**

Dated: December 2, 2005

*Maxine M. Chesney*
MAXINE M. CHESNEY
United States District Judge

---

[2] Because the Court cannot disregard the statutory mandate under 18 U.S.C. § 924(c), defendant, in essence, is asking the Court, in applying USSG § 4B1.1(c), to disregard the offense for which he was convicted.

3